United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 02-41230

(Summary Calendar)

————————

STEPHEN ASH,

Plaintiff - Appellant,

versus

ARTURO GUAJARDO, Individually and in his past capacity as Superintendent of the Pharr San Juan Alamo Independent School District; DODI COX, Individually and in her Official Capacity as personnel director for Pharr San Juan Alamo Independent School District; PHARR SAN JUAN ALAMO INDEPENDENT SCHOOL DISTRICT,

Defendants - Appellees.

————————————————————————————————

Appeal from the United States District Court
For the Southern District of Texas
M-01-CV-161

————————————————————————————————

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Stephen Ash appeals the district court's grant of summary judgment to the defendants in this

————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment discrimination suit.  Ash filed this *pro se* suit against the Pharr San Juan Alamo Independent School District (PSJA); Arturo Guajardo, the former PSJA superintendent; and Dodi Cox, the PSJA personnel director, alleging causes of action under Title VII, the Family and Medical Leave Act (FMLA), and § 554.008 of the Texas Government Code.

Generally, Ash alleges that the defendants retaliated against him for exercising his FMLA rights in an earlier litigation and filing charges with the Equal Employment Opportunity Commission (EEOC).  The alleged acts of retaliation and discrimination include the defendants' refusal to move him to a teaching position for which he was certified and the placement of "uncertified" Hispanics in those positions.  In addition, Ash contends that Cox harassed him by repeatedly sending him letters regarding his certification requirements, demoting him from his term contract to substitute teacher status, refusing to release his paycheck unless he resigned, terminating his employment without a hearing, and cancelling his health insurance.

Previously, Ash filed suit, with the assistance of counsel, against Guajardo and PSJA because they failed to inform him of his FMLA rights before he resigned from his original teaching position to care for his elderly parents.  Upon his return, PSJA did not reinstate him to his original position but instead placed him in a special education teaching position at the high school level.  Because Ash was not certified for this job, PSJA obtained emergency permits and hired Ash on a temporary basis for the 1998-1999 school year.  But Ash lost the 87 sick days he had accumulated during his first thirteen years and received a lesser salary and benefits.  After attempting to resolve the issue through other channels, Ash began litigation (we designate this suit "*Ash I*").  While *Ash I* was pending, Ash filed claims against PSJA with the EEOC, alleging that he was discriminated and retaliated against on the basis of his national origin and the *Ash I* litigation.  The district court granted summary

judgment to the defendants in *Ash I*, after which Ash filed a motion for reconsideration. After filing this motion, which was ultimately denied by the district court, Ash received his right-to-sue letter from the EEOC.

Ash then filed the present suit. The defendants moved for summary judgment, arguing that Ash had failed to state viable claims for various reasons. Ultimately, the district court concluded that *res judicata* and collateral estoppel barred the Title VII and FMLA claims, respectively, and it granted summary judgment to the defendants. The district court later granted summary judgment with respect to the state law claim, finding it to be time-barred, and dismissed the case. Ash moved for reconsideration, and the district court denied his motion. Ash timely appeals.

We review a grant or denial of summary judgment *de novo*, using the same criteria employed by the district court. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001). Summary judgment is proper if, drawing all inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

As a threshold matter, Ash does not address the Texas Government Code claim in his appeal brief. Issues not briefed on appeal are waived. *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000). Thus, only the Title VII and FMLA claims remain.

With regard to Ash's FMLA claim, we agree with the district court's decision that collateral estoppel bars this claim. Collateral estoppel is appropriate when: (1) the issue under consideration in the present suit is identical to the issue litigated in the previous suit; (2) the issue was fully and vigorously litigated in the previous suit; (3) the issue was necessary to support the judgment in the previous suit; and (4) there are no special circumstances that would render estoppel unfair or

inappropriate. *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 639 (5th Cir. 2003). Ash argued the same retaliation facts in *Ash I*, and he was given a full and fair opportunity to respond to the defendants' motion for summary judgment before the *Ash I* court ruled. In addition, Ash has not given any real reason in his brief why estoppel would be unfair or inappropriate.

As for Ash's Title VII claims, we find that Ash has not raised a genuine issue of material fact with regard to whether he was discriminated against because of his "national origin."[1] To state a *prima facie* Title VII claim, Ash must show (1) that he belongs to a protected group; (2) he was qualified for the position he sought; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Ash has not even attempted to show or plead his national origin, which is the basis of his Title VII claims and his EEOC charges, or the national origin of the Hispanics who replaced him. *See Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88 (1973) ("The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came."). Thus, we affirm the district court's grant of summary judgment with respect to Ash's Title VII claims.

For the foregoing reasons, the district court's decision is AFFIRMED.

AFFIRMED; APPELLEES' MOTION TO STRIKE RECORD EXCERPTS IS DENIED; APPELLEES' MOTION TO STRIKE OPTIONAL CONTENT IN APPELLANT'S BRIEF IS

---

[1]Although the district court decided this claim on *res judicata* grounds, we decline to affirm on this basis because we find such a decision would implicate at least one unclear, and arguably novel, legal issue. Instead, we affirm on one of the other grounds presented in the defendants' motion for summary judgment. *See Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 621 (5th Cir. 2003) (holding that grant of summary judgment may be affirmed on "any ground raised below and supported by the record").

DENIED; APPELLANT'S MOTION TO FILE RECORD EXCERPTS IN EXCESS PAGES IS

GRANTED.